**CHRISTENSEN JAMES & MARTIN**
WESLEY J. SMITH, ESQ. (11871)
GIA MCGILLIVRAY, ESQ. (8182)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  (702) 255-1718
Facsimile:  (702) 255-0871
Email: wes@cjmlv.com, gia@cjmlv.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST, through their designated fiduciary John Smirk; INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES INDUSTRY PENSION FUND; IUPAT FINISHING TRADES INSTITUTE; PAINTERS & ALLIED TRADES LABOR-MANAGEMENT COOPERATION INITIATIVE; IUPAT POLITICAL ACTION TOGETHER FUND, through their designated fiduciary, Gary Meyers; DISTRICT COUNCIL 16 JOINT APPRENTICE & TRAINING TRUST FUND; HOLIDAY & VACATION FUND; DISTRICT COUNCIL 16 STAR PROGRAM; LOCAL 567 ORGANIZING FUND; LOCAL 567 UNITY FUND, through their designated fiduciary, Todd Koch, | CASE NO.: 2:16-cv-006-JAD-PAL <br><br> **JUDGMENT BY CONFESSION** |

Plaintiffs,

vs.

OLYMPUS AND ASSOCIATES, INC. dba OLYMPUS PAINTING & SANDBLASTING, a Nevada corporation; LAZARUS G. TSIOPOS, an individual

Defendants.

Pursuant to the express Stipulation and Consent for Entry of Judgment by Confession ("Stipulation"), it is hereby ORDERED, ADJUDGED AND DECREED that:

1.    This Court has jurisdiction of this case and venue is proper pursuant to Section 301(a) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended [29 U.S.C. § 185(a)] and Sections 502(a)(3) and 502(e)(2) of the Employee Retirement Income Security Act

-3-

1    of 1974 ("ERISA"), as amended [29 U.SC. §§ 1132(a)(3) & 1132(e)(2)].  Pursuant to 28 U.S.C.

2    § 1367 this Court has ancillary jurisdiction over any secondary causes of action.

3        2.      The Plaintiff Trusts are express trusts created pursuant to written declarations of

4    trust, consistent with Section 302(c) of the LMRA, as amended [29 U.S.C. § 186(c)], and bring

5    this action in accordance with Sections 502(d)(1), 502(a)(3) and 515 of ERISA, as amended [29

6    U.S.C. § 1001, *et seq.*].  The Trusts maintain offices in Nevada for the purpose of administering

7    benefits.

8        3.      At all times material herein, the International Union of Painters and Allied Trades,

9    District Council 16 ("Union") has been a labor organization representing employees in the

10    construction industry in Northern Nevada.  The Union is a labor organization representing

11    employees in an industry affecting commerce within the meaning of Section 301(a) of the

12    LMRA, as amended [29 U.S.C. § 185(a)].

13        3.      The above-named Plaintiff Trust Funds (hereinafter "Plaintiffs" or "Trusts") shall

14    take Judgment by Confession ("Judgment") against Defendants OLYMPUS AND

15    ASSOCIATES, INC. dba OLYMPUS PAINTING & SANDBLASTING (hereinafter

16    "Olympus"), a Nevada corporation and LAZARUS G. TSIOPOS (hereinafter "Mr. Tsiopos"), an

17    individual (collectively "Defendants"), for the sum of One Hundred Eight Thousand Two

18    Hundred Sixty-One and 25/100 Dollars ($108,261.25), which sum includes all known fringe

19    benefit contributions owed to the Trusts for work performed in Northern Nevada during the

20    period of July 1, 2014 through August 31, 2015 ("Delinquency Period"), plus pre-judgment

21    interest, liquidated damages, attorney's fees, and costs, and an Audit claim for the period January

22    1, 2011, through September 30, 2014.  Interest shall accrue on the Judgment Amount, less any

23    payments received, at the rate of seven percent (7%) per annum until paid in full.

24        4.      The Judgment Amount shall be paid to Plaintiffs as third party beneficiaries under

25    the terms of the various Trust Agreements creating the Trusts, which are incorporated into a

26    written collective bargaining agreement ("Labor Agreement") between Olympus and the Union.

27        5.      Mr. Tsiopos, as an individual and authorized representative of Olympus, has

28

1  participated in the negotiating of the Labor Agreement, has knowledge of the Judgment Amount
2  and has agreed to be personally and separately liable for the Judgment Amount and for
3  compliance with the terms and conditions as set forth below

4       6.      This Judgment includes settlement of all known claims by Plaintiffs for fringe
5  benefit contributions and damages owed to the Trusts for the Delinquency Period for work
6  performed in Northern Nevada under the jurisdiction of Olympus' Labor Agreement with the
7  Union.  It does not include as work performed as "out of area work" under the jurisdiction of
8  IUPAT District Council 16 in Southern Nevada.  Defendants acknowledge that the Trusts have
9  not audited Olympus' payroll records for the Delinquency Period of October 1, 2014 through the
10 present.  This Judgment is not intended to, and it does not, resolve, address or secure claims that
11 are as yet unknown to the Trusts, including any claims that may later be revealed by Audit for
12 the Delinquency Period of October 1, 2014 through the present or any other period that has not
13 been audited.   The Trusts reserve all audit rights for periods that have not been audited.
14 Additionally, Olympus agrees to submit to an audit for the period of October 1, 2014 through the
15 present, including the areas of both Northern and Southern Nevada.

16      7.      The Judgment Amount, including interest on the declining Judgment balance and
17 any after-accruing amounts, shall be paid by Olympus through a total of twelve (12) monthly
18 payments to the Trusts.  Payments One (1) through Eleven (11) shall be paid in the amount of
19 Nine Thousand Three Hundred Forty and 00/100 Dollars ($9,340.00) per month, commencing on
20 October 1, 2015 and continuing on or before the first (1st) day of each month thereafter.
21 Payment Twelve (12) shall be paid in the amount of Nine Thousand Three Hundred Nineteen
22 and 99/100 Dollars ($9,319.99) on or before September 1, 2016.  Interest shall accrue at seven
23 percent (7%) per annum.  Subject only to the Defendants' right to cure as set forth herein, the
24 Final Payment of all unpaid portions of the Judgment Amount, shall be increased to include any
25 late fees and after-accruing attorney's fees and costs incurred by Plaintiffs relating to this
26 Judgment for collection of the amounts referenced herein.

27      8.      The payments toward the Judgment Amount required herein shall be made
28

1  payable to "Painters Joint Trust Funds" and shall be remitted to Plaintiffs' attorney, Christensen
2  James & Martin, at 7440 W. Sahara Ave., Las Vegas, NV 89117, or at such other location as the
3  Defendants are notified in writing. Should any of Defendants' payments be returned for
4  insufficient funds, all subsequent payments shall be made using cashier's checks or money
5  orders.

6      9.      As security for this Judgment, Olympus shall assign one or more of its contract
7  receivables to the Plaintiffs in a total amount equal the Judgment Amount by executing one or
8  more Assignment of Contract Proceeds attached hereto as Exhibit 1 ("Assignments"). The
9  Assignments are incorporated herein by reference.

10     10.     In addition to paying the Judgment Amount as required by the foregoing terms,
11 the Defendants shall timely pay all contributions that fall due while any portion of the Judgment
12 Amount remains unpaid (i.e., for hours worked by Defendant's covered employees while the
13 Judgment Amount is being paid). The Defendants shall remit a monthly report to the Trusts
14 listing hours worked by their covered employees, and shall submit a check to the Trusts to pay
15 contributions owed for such hours. The reports and payments shall be delivered to the Plaintiffs
16 or their designee(s) on or before the 15th day of the month following the calendar month in
17 which the covered hours of work listed on the reports are performed.

18     11.     The Defendants shall have the right at any time to prepay the entire balance owed,
19 or any portion thereof, without incurring a prepayment penalty. However, interest will continue
20 to accrue on any amount that remains unpaid.

21     12.     During the period that the Defendants timely makes the required payments and
22 faithfully performs under this Judgment, the Plaintiffs shall stay claims against Bond No.
23 2131356 issued to Olympus by Western Surety Company for Olympus' C-4 Contractor License
24 ("Bond").

25     13.     Should Defendants fail to satisfy any of the conditions in this Judgment, a written
26 Notice of Default shall immediately be delivered to: Olympus Painting & Sandblasting, Attn:
27 Lyndsey Tsiopos, 405 Lovitt Lane, Reno, Nevada 89506 and gtsiopos@aol.com. Each such
28

1  Notice required to be sent shall result in an automatic late fee and collection charge of $150.00
2  (which will be applied as a credit against any attorney's fees and costs incurred as a result of the
3  Default) to be paid in addition to any payment that Defendant has failed to pay and shall be paid
4  immediately with the cure payment.   If Defendant thereafter fails to make the required
5  payment(s) or otherwise fails to comply with the conditions of such paragraphs within ten (10)
6  days of the date of such Notice, then:

7       a.      Any reasonable attorney's fees and costs incurred by the Plaintiffs to collect the
8               amounts owed under this Judgment, shall be added to the balance owed under this
9               Judgment;

10      b.      Plaintiffs shall the immediate right to collect the contract receivables assigned to
11              the Plaintiffs by Defendants by way of the Assignments;

12      c.      Defendants waive any and all objections or defenses pertaining to the Bond and
13              Plaintiffs shall have the unconditional and immediate right to collect the proceeds
14              of the Bond for whatever amount then remains due and owing, including after-
15              accruing attorney's fees, without further notice to the Defendants or Order from
16              the Court;

17      d.      Plaintiffs shall have the unconditional and immediate right to file and execute
18              upon the Judgment for whatever amount then remains due and owing without
19              further notice to the Defendants or Order from the Court; and

20      e.      Interest on any unpaid Judgment balance shall accrue at the rate of seven percent
21              (7%) from the date of the Default until it is paid in full.

22      14.     Filing and execution on the Stipulation and this Judgment shall be stayed through
23  September 1, 2016, provided that payment in full is made by Defendants in accordance with the
24  terms of this Judgment.

25      15.     Upon Plaintiffs' receipt and negotiation of payment of the entire Judgment
26  Amount, this obligation will have been satisfied and, upon receipt of a request therefor, Plaintiffs
27  shall deliver to Defendants a written Satisfaction of Judgment.  A Satisfaction of Judgment shall

28

-7-

not be executed nor delivered until all of Defendants' obligations under this Judgment have been fully performed.

16.     The following potential claims are reserved by the Trusts: (i) any claims unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by any of the Trusts for additional contributions and related damages that may be due and owing to any of the Trusts pursuant to the provisions of any collective bargaining agreement to which Defendant may be bound that requires the payment of contributions to the Trusts; (ii) the obligation of Defendants or any trade or business under common control of Defendants (to the extent Defendants or any trade or business under common control with Defendants has any obligation) to pay, and the rights of the Trusts to assess and collect, withdrawal liability pursuant to 29 U.S.C. § 1381 *et. seq.* (including the use of Defendants' contribution history for purposes of calculating any withdrawal liability); and (iii) any additional claims discovered by audit for any period.

17.     The Stipulation and this Judgment shall be considered one instrument and shall become binding when signed.  Signatures to the Stipulation and Judgment, as provided via facsimile or scanned document, shall be valid and shall be deemed the equivalent of original signatures.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-8-

1     18.    Defendants have had the opportunity to consult an attorney of their choice and

2    fully understand the obligations and consequences of this Judgment.

3        Dated:  February 3, 2016.

4

5                            _____

6                         UNITED STATES DISTRICT COURT JUDGE

7

8

9    CHRISTENSEN JAMES & MARTIN       OLYMPUS AND ASSOCIATES, INC. dba
                                        OLYMPUS PAINTING & SANDBLASTING

10   By:   _/s/ Gia McGillivray_

11   Gia McGillivray                    By:

12   Date:  September 13, 2015         Its:  Secretary / Treasurer

13                              Date: September ____, 2015

14

15                       LAZARUS G. TSIOPOS

16                              Date: September ____, 2015

17

18

19

20

21

22

23

24

25

26

27

28

OATH AND VERIFICATION

1

STATE OF NEVADA )

2                                  : ss.

COUNTY OF WASHOE )

3

4    Lazarus Tsiopos         , as Secretary/Treasurer of OLYMPUS AND ASSOCIATES,

5    INC. dba OLYMPUS PAINTING & SANDBLASTING, being first duly sworn upon oath, now

6    verifies and declares that:

7        1.      Entry of this Judgment by Confession, according to its provisions, is duly

8    authorized; and

9        2.      The monies due and owing and the basis for said Judgment are accurately set

10   forth in the Stipulation and this Judgment.

11       Further you affiant sayeth naught.

12

13                                   as Secretary/Treasurer of OLYMPUS AND
                                     ASSOCIATES, INC. dba OLYMPUS PAINTING
                                     & SANDBLASTING

14

15   Subscribed and Sworn before me
     this __15__ day of September, 2015.

16

17   Notary Public

                                     STACY CHAVEZ
                                     Notary Public - State of Nevada
                                     Appointment Recorded in Washoe County
                                     No: 14-13543-2 - Expires April 14, 2018

18                          OATH AND VERIFICATION

19

20   STATE OF NEVADA        )
                            : ss.
21   COUNTY OF WASHOE       )

22       LAZARUS G. TSIOPOS, being first duly sworn upon oath, now verifies and declares that:

23       1.      Entry of this Judgment by Confession, according to its provisions, is duly

24          authorized; and

25   / / /

26   / / /

27   / / /

28

                                  -10-

2.      The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

Further you affiant sayeth naught.

_____
LAZARUS G. TSIOPOS

Subscribed and Sworn before me
this ___15___ day of September, 2015.

_____
Notary Public

STACY CHAVEZ
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 14-13543-2 · Expires April 14, 2018

-11-