**CHRISTENSEN JAMES & MARTIN**
WESLEY J. SMITH, ESQ. (11871)
GIA MCGILLIVRAY, ESQ. (8182)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: wes@cjmlv.com, gia@cjmlv.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST, through their designated fiduciary John Smirk; INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES INDUSTRY PENSION FUND; IUPAT FINISHING TRADES INSTITUTE; PAINTERS & ALLIED TRADES LABOR-MANAGEMENT COOPERATION INITIATIVE; IUPAT POLITICAL ACTION TOGETHER FUND, through their designated fiduciary, Gary Meyers; DISTRICT COUNCIL 16 JOINT APPRENTICE & TRAINING TRUST FUND; HOLIDAY & VACATION FUND; DISTRICT COUNCIL 16 STAR PROGRAM; LOCAL 567 ORGANIZING FUND; LOCAL 567 UNITY FUND, through their designated fiduciary, Todd Koch, <br><br>Plaintiffs,<br><br>vs.<br><br>OLYMPUS AND ASSOCIATES, INC. dba OLYMPUS PAINTING & SANDBLASTING, a Nevada corporation; LAZARUS G. TSIOPOS, an individual<br><br>Defendants. | CASE NO.: 2:16-cv-00006-JAD-PAL <br><br> **STIPULATION AND ORDER FOR INJUNCTIVE RELIEF** |

The Plaintiffs identified above (hereinafter "Plaintiffs" or "Trusts"), acting by and through their attorneys, Christensen James & Martin, and Defendants OLYMPUS AND ASSOCIATES, INC. dba OLYMPUS PAINTING & SANDBLASTING (hereinafter "Olympus"), a Nevada corporation and LAZARUS G. TSIOPOS (hereinafter "Mr. Tsiopos"),

an individual (collectively "Defendants"), hereby Stipulate and Agree ("Stipulation") as follows:

1. This Stipulation and Order for Injunctive Relief ("Stipulation") is entered into by and between the above-named parties as one crucial component of settlement to resolve certain legal disputes relating to the payment of fringe benefit contributions, interest, liquidated damages and attorney's fees owed to the Plaintiffs by the Defendants and to ensure that the Defendants comply with its obligations to timely report and pay the Plaintiffs all delinquent and future fringe benefit contributions owed for covered work pursuant to the terms of a certain written labor agreements ("Labor Agreements") between Olympus and the International Union of Painters and Allied Trades, District Councils 15 and 16 ("Unions") and various trust agreements creating the Trusts.

2. The Plaintiffs are express trusts created pursuant to written declarations of trust between the Unions and employers who have executed collective bargaining agreements with the Unions, consistent with Section 302(c) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 186(c)]. The Trusts are intended beneficiaries of the Labor Agreements.

3. This Court has jurisdiction over this action pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended, [29 U.S.C. § 185(a)] and Sections 502(a)(3) and 502(e) of the Employee Retirement Income Security Act of 1974, as amended "ERISA" [29 U.S.C. §§ 1132(a)(3) & 1132(e)].

4. The terms of this Stipulation shall be applicable to and binding upon the Plaintiffs and Defendants and their officers, agents, employees, assigns and successors.

5. The Parties agree the Plaintiffs are entitled to an injunction requiring the Defendants to pay all delinquent and future fringe benefit contributions owed to the Plaintiffs. The remedial provisions of 29 U.S.C. § 1132(g)(2) allow the Plaintiffs to obtain "such other . . . equitable relief as the court deems appropriate" in addition to the recovery of unpaid fringe benefit contributions, liquidated damages, interest, attorney's fees and court costs. In addition, 29 U.S.C. § 1132(a)(3) provides that a court may grant "appropriate equitable relief" as part of

relief sought in civil actions "to enjoin any act or practice which violates any provisions of this title or the terms of the plan." Equitable relief available under the statute includes injunctive relief. *See, e.g., Sheet Metal Workers' International Association et. al. v. West Coast Sheet Metal Co.*, 954 F.2d 1506 (9th Cir. 1992) (affirming injunction in part); *see also Gould v. Lambert Excavating, Inc.*, 870 F. 2d 1214 (7th Cir. 1989) (granting injunction requiring employer to make delinquent and future contributions); *Northern California Glaziers v. Wolter*, 2009 WL 1458272, *3 (N.D. Cal. 2009) ("Under 29 U.S.C. § 1132(g)(2)(E), this Court is authorized to award whatever equitable relief it deems appropriate. The Court GRANTS Plaintiff's request for injunctive relief.") The Parties agree that an injunction requiring the payment of past due, presently owed and/or future contributions is the type of relief contemplated by Congress to "enjoin an act or practice which violates . . . the terms of the plan."

6. Executed contemporaneously with this Stipulation, a Stipulation for Entry of Amended Judgment by Confession ("Stipulation for Entry") and Amended Judgment by Confession ("Amended Judgment") were executed in favor of the Plaintiffs and against Defendants in the total sum of One Hundred Sixty Seven Thousand One Hundred Sixty-Two and 96/100 Dollars ($167,162.96) ("Judgment Amount"), which sum includes all known fringe benefit contributions owed to the Trusts for work performed during the period of April 1, 2011 through February 29, 2016 ("Delinquency Period"), plus pre-judgment interest, liquidated damages, audit fees, attorney's fees and costs.

7. As an express condition for entering into a resolution with the Defendant by way of the Amended Judgment to resolve known claims for past due fringe benefit contributions and rather than incur the expense of litigating the same, Defendants agreed to remain current on their monthly contractual and legal obligations to the Plaintiffs by timely reporting and paying all fringe benefit contributions for covered work, if any, as they become due during the course of the payout under the Amended Judgment, executed contemporaneously herewith, which payout is scheduled to be completed by December 5, 2016. Accordingly, Defendants hereby

stipulate to cooperate with the Plaintiffs in timely reporting and paying all contributions that become due, if any, while any portion of the Judgment Amount remains unpaid. Defendant shall timely remit monthly reports to the Trusts listing the hours worked by employees performing bargaining unit work, if any, and shall timely submit checks to the Plaintiffs to pay for such hours. The reports and payments shall be delivered to the Plaintiffs or their designee on or before the last day of the month following the month in which the hours of covered labor were performed for which the contributions are due (i.e., the contributions for work performed in March 2016 are due no later than April 30, 2016, etc.). Defendants acknowledges that this Stipulation reaffirms the reporting and payment obligations imposed on them by the Labor Agreements, Trust Agreements, and ERISA and agree that this Injunction may be issued immediately in conjunction with entry of the Amended Judgment.

8.     The Defendants' failure to pay required fringe benefit contributions to the Plaintiffs are breaches of its contractual obligations, are violations of Federal Law and disrupt the status quo as it jeopardizes the availability of monies available to pay for employee benefits for all participating employees under the Plaintiffs' employee benefit plans. Unless the Defendants pay their monthly obligations as required, an increase in the contribution rates required of other employers may become necessary. Thus, the harm caused by the Defendants could extend to others beyond the parties to this action. This Injunction will aid in ending, or at least in limiting such harm.

9.     The Ninth Circuit Court of Appeals has held that the potential loss of benefits alone satisfies the prerequisite that irreparable harm be shown for the Court to grant injunctive relief. *See Beltran v. Myers*, 677 F. 2d 1317, 1322 (9th Cir. 1982). The Defendants' past and continued failure to timely remit fringe benefit contributions required under the Labor Agreements, Trust Agreements, and ERISA creates the potential loss of employee benefits. Defendants must therefore be ordered to pay and meet their obligations in order to end this threat of harm.

10. The Parties agree that Plaintiffs are likely to prevail in establishing that Defendants are in violation of ERISA for failure to make fringe benefit contributions to the Plaintiffs. The claims asserted by the Plaintiffs are based upon Defendants' self-reporting to the Plaintiffs, which reporting the Defendant cannot now reasonably dispute, and an independent accountant's review of the Defendants' payroll records to test the accuracy of Defendants' reporting. The Labor Agreements remain in effect, and the Defendants acknowledge they must comply with the terms of the Labor Agreements, Trust Agreements, and Federal Law.

11. This Stipulation shall become effective upon the approval and order by this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure.

12. The Defendants shall be deemed in compliance with the terms of this Injunction as long as it complies with the terms set forth herein and the terms of the Amended Judgment, executed contemporaneously herewith.

13. Should Defendants fail to timely and completely comply with the terms, conditions and requirements set forth herein and/or the Amended Judgment, executed contemporaneously herewith, the Defendants specifically authorize the Plaintiffs to seek enforcement of this Injunction, for the Court to hold Defendants in contempt, order Defendants to show cause why they failed to abide by the terms of this Injunction, and/or subjecting Defendants to sanctions.

14. The Injunction shall terminate upon the Defendants' full and complete performance of the terms of the Amended Judgment, executed contemporaneously herewith.

///
///
///
///
///
///
///

-5-

///

///

15.    Defendants have consulted an attorney of their choice and fully understand the obligations and consequences of this Injunction.

IT IS SO ORDERED.

Dated: March 25, 2016.

_____
UNITED STATES DISTRICT COURT JUDGE

Submitted by:
CHRISTENSEN JAMES & MARTIN
By: /s/ Wesley J. Smith
*Attorneys for Plaintiffs*

| CHRISTENSEN JAMES & MARTIN | OLYMPUS AND ASSOCIATES, INC. dba OLYMPUS PAINTING & SANDBLASTING |
|---|---|
| By: _____<br>Wesley J. Smith, Esq. | By: Lazarus Tsiopos |
| Date: March 18, 2016 | Its: Secretary/Treasurer |
| | Date: March 7, 2016 |
| | LAZARUS G. TSIOPOS<br>_____<br>Date: March 7, 2016 |

CHRISTENSEN JAMES & MARTIN
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871